IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRED MARSHALL DAVIS, | § | |
| TDCJ-CID NO.1022979 | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-04-2380 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Institutional Division, | § | |
|     Respondent. | § | |

ORDER DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner Fred Marshall Davis, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2001 state court felony conviction for possession of a controlled substance. Respondent has filed a motion for summary judgment on the ground that the petition is barred by the governing statute of limitations (Docket Entry No.19), and petitioner has filed a response. (Docket Entry No.20). For the reasons to follow, the Court will deny respondent's motion, and order respondent to file a dispositive motion on the merits of the case within forty (40) days of entry of this Order.

I.    PROCEDURAL HISTORY

On February 22, 2001, petitioner was convicted in the 411th Criminal District Court of San Jacinto County, Texas, of possession of a controlled substance in cause number 8260. (Docket Entry No.12). Petitioner's appeal of his conviction was affirmed and on May 15, 2002, his petition for discretionary review ("PDR") was refused. *Davis v. State*, No.09-01-00090-CR (Tex. App.-Beaumont, pet. ref'd) (not designated for publication). The Supreme Court denied petitioner's

petition for writ of *certiorari* on December 2, 2002. *Davis v. Texas*, 537 U.S. 1051 (2002). Thus, petitioner's conviction became final for purposes of federal habeas corpus review on or about December 2, 2002. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed a state application for writ of habeas corpus on October 16, 2003 (Docket Entry No. 18), which the Texas Court of Criminal Appeals denied without written order on February 18, 2004. (Docket Entries No.18, No.19, part 1, *Ex parte Davis*, Application No.27,734-03 at cover). Petitioner filed the pending federal petition for a writ of habeas corpus on March 31, 2004.[1] (Docket Entries No.1, No.2). Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks relief on the following grounds:

1. He was denied due process of law because the State failed to comply with the Court's order to submit evidence for expert testing; and,

2. He was denied the effective assistance of counsel at trial and on direct appeal.

(Docket Entry No.12).

II.   ONE-YEAR STATUTE OF LIMITATIONS

Respondent moves for summary judgment on petitioner's habeas action on the ground that the petition is barred under the governing statute of limitations. (Docket Entry No.18).

---

[1] In most cases, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date for statute of limitations purposes. *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999). In this case, petitioner failed to sign or date his original petition before mailing it to the United States District Court for the Eastern District of Texas, Lufkin Division. Upon transfer to this Court, the Magistrate Judge issued a notice of deficiency and ordered petitioner to submit an amended petition that was properly signed. For purposes of computing the statute of limitations in this case, the original, unsigned petition is deemed filed as of March 31, 2004, the date petitioner filed his signed memorandum in support of the petition.

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Under AEDPA, petitioner's one-year limitation period began on or about December 3, 2002, and expired on December 2, 2003. Petitioner's state habeas application was pending before the Texas Court of Criminal Appeals from October 16, 2003, until February 18, 2004, when it was denied without written order. A properly filed state writ application tolls the limitations period while the claim or judgment is pending in state court. 28 U.S.C. § 2244(d)(2); *Villegas v. Johnson*, 184 F.3d

467, 473 (5th Cir. 1999) (concluding petition filed in accordance with state's procedural filing requirements tolls one-year limitations period during pendency of petition). Petitioner's state habeas application was pending before the Texas Court of Criminal Appeals for approximately 125 days, thus tolling the limitations period for filing the federal application until early April of 2004. Petitioner timely filed the pending federal petition in March of 2004. Petitioner's federal petition is not barred by the AEDPA's one-year limitation period.

Accordingly, respondent's motion for summary judgment is DENIED.

IV.   CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1.   Respondent's motion for summary judgment (Docket Entry No.18) is DENIED.

2.   Respondent shall file a dispositive motion or other responsive pleading no later than forty (40) days from the receipt of this order.

Signed at Houston, Texas, on this 5th day of July, 2005.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE