IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FRED MARSHALL DAVIS,           §
        Petitioner,            §
                                §
v.                             §          CIVIL ACTION NO. H-04-2380
                                §
DOUGLAS DRETKE, Director,      §
Texas Department of Criminal Justice,  §
Correctional Institutions Division,    §
        Respondent.            §

## MEMORANDUM OPINION AND ORDER

Fred Marshall Davis, a state inmate incarcerated in the Texas Department of Criminal

Justice–Correctional Institutions Division (TDCJ), proceeding *pro se* and *in forma pauperis*,

filed a petition for a writ of habeas corpus challenging his conviction under 28 U.S.C. §

2254. Pending before the Court is respondent's supplemental motion for summary judgment

(Docket Entry No. 26), to which petitioner has responded (Docket Entry No. 27).

After consideration of the pleadings, the motion and response, the relevant state court

records, and the applicable law, the motion for summary judgment is **GRANTED**, and this

case is dismissed for the reasons discussed below.

## I.  PROCEDURAL BACKGROUND

On February 22, 2001, petitioner was convicted of possession of a controlled

substance under cause number 8260 in the 411th District Court of San Jacinto County, Texas,

and sentenced to thirty years incarceration. (Docket Entry No. 12). The conviction was

affirmed on appeal under *Anders v. California*, 386 U.S. 738, 744 (1967). *Davis v. State*, No.

09-01-090-CR (Tex. App. – Beaumont 2002, pet. ref'd) (not designated for publication).  His petitions for discretionary review and for writ of *certiorari* were refused.  The Texas Court of Criminal Appeals denied petitioner's state application for habeas relief without a written order on February 18, 2004.  *Ex parte Davis*, Application No. 27,734-03, at cover.

Petitioner timely filed the pending federal habeas corpus petition, complaining of a *Brady* violation and of the ineffective assistance of trial and appellate counsel.  Respondent moves for summary judgment and argues that petitioner's grounds fail as a matter of law.

## II.   FACTUAL BACKGROUND

During the late hours of March 13, 2000, state trooper Franklin stopped petitioner's vehicle for tailgating on Highway 59 in Shepherd, San Jacinto County, Texas.  (S.F., Vol. 3, pp. 11-17).  Franklin testified that petitioner was returning from an area known to Franklin for narcotics trafficking, and that he appeared nervous.  Franklin issued petitioner a warning ticket, and asked for consent to search petitioner's car.  Franklin testified that petitioner consented to a vehicle search.  (*Id*., pp. 19-23).  Franklin performed a pat down of petitioner, and found him in possession of potential drug paraphernalia.  (*Id*., pp. 23-24).  Franklin found crack cocaine inside petitioner's car, and placed him under arrest.  (*Id*., pp. 26-29).  Franklin's patrol car was equipped with an automatic video camera that taped the traffic stop and arrest, and the videotape was admitted into evidence.  (*Id*., pp. 89-90).  Franklin admitted, however, that there was a malfunction in that the beginning portion of the traffic stop did not appear on the videotape.  (*Id*., p. 40).

2

Petitioner testified during the guilt-innocence phase of trial that he never consented to Franklin's search of his vehicle, and that the videotape of the incident was incomplete, inaccurate, and "had to be altered."  (*Id.*, pp. 113-116)  Petitioner further testified that,

> [Franklin] did say – he asked me did I have anything in there that I think he should know about.  I told him no.  He said, well, if you ain't got nothing in there, you don't mind if I look, do you?  And I didn't say nothing.  And when he said that, he was going to my car.  Well, like it wouldn't have made no difference if I had answered yes or no anyway.

(*Id.*, p. 116)  Petitioner's forensic audio analysis expert witness testified that no additions or deletions appeared on the videotape, but that the videotape could not have been made on Franklin's video camera due to mismatched magnetic signature markings.  (*Id.*, pp. 180-182).  The jury subsequently found petitioner guilty of possession of a controlled substance, namely cocaine.

## III.   STANDARDS OF REVIEW

### A.   Summary Judgment Standard of Review

Respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  In deciding a motion for summary judgment, the court must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a

genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmoving party to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

All of the evidence must be construed in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes. *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996). However, factual controversies are resolved in favor of the nonmovant only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts. *Laughlin v. Olszewski*, 102 F.3d 190, 193 (5th Cir. 1996). In that regard, a fact is material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover, an issue is genuine, for purposes of a Rule 56 review, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id*.

**B.    Habeas Corpus Petitions Under AEDPA**

Petitioner's petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The intent of the AEDPA is to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under the law, *Bell v. Cone*, 535 U.S. 685, 693 (2002), by limiting the scope of collateral review and raising the standard for federal habeas relief. *Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003).

4

Under the AEDPA, federal relief cannot be granted on claims adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor,* 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1) and (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002). A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *See id.* at 409, 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the

presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.  These standards will be applied to the pending summary judgment motion.

## IV.    CLAIM OF *BRADY* VIOLATION

Petitioner alleges that the State violated *Brady v. Maryland*, 373 U.S. 83, 87 (1963), by failing to produce Franklin's original patrol car video camera and videotape for testing by Dickey, petitioner's forensic audio analysis expert witness.

Petitioner requested the trial court to order the State to produce the videotape and original recording device for Dickey's inspection and testing.  (*Id.*, pp. 32-33).  The trial court signed and partially dated the order attached to petitioner's motion, but did not designate the motion as "granted" or "denied."  (*Id.*, p. 34).  The trial court's docket sheet reflects that on October 5, 2000, the court ordered "DPS camera inspection 10-10-00 at 1:00 p.m. [Defense] expert to [illegible] tape to examine and ordered to return same."  *Ex parte Davis*, p. 75.  Dickey received the videotape on October 10, 2000, and tested the video camera that was in Franklin's vehicle at that time.  (S.F., Vol. 3, pp. 134-35).  Following his testing, the expert witness concluded that the videotape had not been recorded on Franklin's video camera.  (S.F., Defendant's Exhibit No. 7).  Franklin then testified that a few days after the expert's tests, his videotaping machine stopped working and was replaced.  (*Id.*,Vol. 3, pp. 212-13).  Petitioner argues that his expert's report proves that the State deliberately failed to produce the original video camera, in violation of *Brady*.

To establish a *Brady* violation, a petitioner must show that (1) the State suppressed evidence; (2) the evidence was favorable to the defense; (3) the evidence was material either to guilt or punishment; and that (4) the evidence was not discoverable by the defendant through due diligence.  Evidence is material only if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different.  *United States v. Bagley*, 473 U.S. 677, 682 (1985).  The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of trial, does not establish "materiality" under this standard.  *United States v. Agurs*, 427 U.S. 97, 109-10 (1976).

In his *pro se* response to the *Anders* brief filed in state appellate court, petitioner argued that the State withheld from the defense the original recording device on which the State's videotape had been recorded.  The appellate court noted, however, that no objection to the State's purported failure was raised at trial or in a motion for new trial, and no error was shown.  *Davis*, at 4.  Petitioner reurged the issue on collateral review, but the Texas Court of Criminal Appeals denied habeas relief.

Petitioner fails to present probative summary judgment evidence that the State knowingly withheld the original video camera from his expert witness.  The defense expert witness expressed his opinion that the State's videotape was not recorded by Franklin's video camera, and the State attempted to suggest other reasons for problems with the video camera and videotaping.  The expert's opinion does not conclusively prove that the State failed to produce the original video camera, nor establish that the State deliberately withheld

exculpatory evidence from petitioner. Even assuming the cameras were different, petitioner fails to show how the original video camera would have been favorable to his defense and material to his guilt or punishment. Petitioner fails to show that the state courts' determinations were contrary to or involved unreasonable applications of clearly established federal law as determined by the Supreme Court. *Williams*, 529 U.S. at 404-05. Petitioner fails to rebut the presumed correctness of the state courts' factual determinations with clear and convincing evidence. Respondent is entitled to summary judgment on this issue.

## V.    CLAIMS OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was

8

the product of a reasoned trial strategy.  *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996).

To overcome this presumption, a petitioner must identify the acts or omissions of counsel

that are alleged not to have been the result of reasonable professional judgment.  *Wilkerson*

*v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).  However, a mere error by counsel, even if

professionally unreasonable, does not warrant setting aside the judgment of a criminal

proceeding if the error had no effect on the judgment.  *Strickland,* 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been

different.  *Id.* at 694.  To determine prejudice, the question focuses on whether counsel's

deficient performance renders the result of the trial unreliable or the proceeding

fundamentally unfair.  *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).  In that regard,

unreliability or unfairness does not result if the ineffectiveness does not deprive the

defendant of any substantive or procedural right to which he is entitled.  *Id.*

Petitioner asserts that trial counsel was ineffective in (a) allowing petitioner to testify

and asking him about his prior criminal convictions; (b) referring to petitioner's criminal

history during voir dire; (c) failing to preserve for review the State's failure to produce the

original video camera; and (d) failing to preserve for review the lack of *Miranda* warnings.

Each alleged instance is discussed separately.

### A.      Questioning petitioner as to prior criminal offenses

Petitioner asserts that trial counsel was deficient in having petitioner testify during the

guilt-innocence phase of trial and asking him about his prior criminal convictions.  The

record shows that in response to questioning from trial counsel, petitioner testified during guilt-innocence that he had prior convictions for delivery of a controlled substance, possession of a controlled substance, and driving while intoxicated.  (S.F., Vol. 3, p. 117). Implicit within petitioner's argument is that these prior criminal convictions were inadmissible under Texas state law and would not have been disclosed to the jury but for counsel's deficiencies.

In the motion for summary judgment, respondent argues that the prior convictions were admissible under Rule 609, Texas Rules of Evidence.  Petitioner does not controvert or otherwise present authority disagreeing with respondent's allegation, and fails to show that these convictions were inadmissible under Texas law.  Moreover, the state habeas court denied habeas relief under petitioner's argument.

Nor does the record show that trial counsel was ineffective in having petitioner testify during guilt-innocence.  Petitioner's primary defense was that the videotape was not a valid representation of the events surrounding his arrest.  Petitioner was the only person in a position to testify against Franklin's allegations and the events appearing on the videotape, and his testimony was crucial to his defense.  Informed decisions of counsel are to be given a heavy measure of deference, and will not be second guessed by this Court.  *See Lamb v. Johnson*, 179 F.3d 352, 358 (5th Cir. 1999).  A conscious, informed decision on trial tactics and strategy cannot form the basis for constitutionally ineffective assistance of counsel unless it is so ill-chosen that it permeates the entire trial with obvious unfairness.  *Garland v.*

*Maggio*, 717 F.2d 199, 206 (5th Cir. 1983). Such an argument is not supported by the record before this Court.

Further, the record does not establish that counsel's decision to preemptively present the evidence of petitioner's prior convictions was unreasonable trial strategy. Trial counsel clearly signaled his intended tactic by prefacing his direct examination of petitioner with the following: "[The prosecutor] is going to cross-examine you in a minute, and he is going to ask you about your criminal convictions. So why don't you tell the jury now what they are so that there is no surprises what your convictions are." (S.F., Vol. 3, p. 117). Trial counsel's conscious, informed decision on this trial tactic and strategy was not so ill-chosen as to permeate the entire trial with obvious unfairness. *Id.* Neither deficient performance nor prejudice is shown.

The state habeas court denied relief on this issue. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No ineffective assistance of counsel is shown, and respondent is entitled to summary judgment on this issue.

### B. Referring to petitioner's criminal history during voir dire

Petitioner complains that, during voir dire, trial counsel made the following inquiry of the panel:

> Is there anyone here who believes that if you are ever convicted of a crime that you are incapable of telling the truth? Let me bring it a little more specific. If you are an addict, you are going to lie. Is there anybody here who feels that

way about addiction?  I know there is some strong feelings about addiction out there, and I'm sure they are well deserved.  But just as I'm concerned that the police officer will be evaluated fairly, I want my client to be evaluated fairly should he testify.  That will be his decision, and we will make it at the appropriate time.  But since we are – this is a swearing match case at this time, there is a high probability he may testify.

Is there anyone here who would feel like he has got too much at stake and you could not listen to his testimony with an open mind like you would Mr. Franklin, the police officer in question here?

(S.F., Vol. 2, pp. 72-73).  Petitioner argues that trial counsel was ineffective in "bringing forth petitioner's prior criminal history" during voir dire.  (Docket Entry No. 12, p. 7A).  This Court disagrees with petitioner's assessment of trial counsel's inquiry.  Trial counsel did not inform the panel of petitioner's prior criminal convictions in the above voir dire excerpt. Moreover, because petitioner presented evidence of his prior criminal convictions during the guilt-innocence phase of trial, he cannot successfully assert that but for counsel's inquiry during voir dire, the results of his trial would have been different.  Neither deficient performance nor prejudice is shown.

The state habeas court denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No ineffective assistance of counsel is shown, and respondent is entitled to summary judgment on this issue.

C.    **Failure to raise *Brady* objection**

Petitioner argues that had trial counsel preserved a *Brady* objection to the State's failure to produce Franklin's original video camera, the state appellate court would have reversed his conviction.  (Docket Entry No. 27, pp. 2-3).  As proof, petitioner points to the state appellate court's observation that, "In this case, however, the issue of prosecutorial misconduct could have been preserved with a motion for new trial, but was not."  (*Id.*, quoting *Davis*, at 4).  Petitioner asserts that but for counsel's failure to raise a *Brady* objection at trial or in a motion for new trial, there is a reasonable probability that the result of his appeal would have been different.

That the state court of appeals held petitioner's *Brady* issue waived does not mean it would have reversed the judgment had the issue been preserved.  Petitioner fails to show that had counsel raised an objection under *Brady*, it would have been granted, or that but for counsel's failure to raise such objection, there is a reasonable probability that the result of his proceedings would have been different.  Petitioner's argument is conclusory, unsupported by the record, and insufficient to raise a material issue of fact precluding summary judgment.

The state appellate court denied relief on this issue.  Petitioner reurged the issue on collateral review, but the Texas Court of Criminal Appeals denied habeas relief.  Petitioner fails to show that the state court determinations were contrary to or involved an unreasonable application of  *Strickland* or were an unreasonable determination of the facts based on the evidence in the record.  No ineffective assistance of counsel is shown, and respondent is entitled to summary judgment on this issue.

13

### D.    Failure to object to lack of *Miranda* warnings

Petitioner claims that trial counsel should have objected to Franklin's failure to read him his *Miranda* rights during his arrest.  Franklin testified at trial that he *did* read petitioner his *Miranda* rights during the course of his arrest.  (S.F., Vol. 3, p. 28).  Petitioner has neither controverted this evidence nor responded to respondent's motion for summary judgment on this issue.  (Docket Entry No. 27, pp. 2-3).  Accordingly, petitioner shows no viable ground for objection or deficiency in trial counsel's performance.

The state habeas court denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No ineffective assistance of counsel is shown, and respondent is entitled to summary judgment on this issue.

## VI.    CLAIMS OF INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Persons convicted of a crime also are entitled to effective assistance of counsel on direct appeal.  *Evitts v. Lucey,* 469 U.S. 387 (1985).  This court reviews counsel's appellate performance under the *Strickland* standards.  *See Goodwin v. Johnson,* 132 F.3d 162, 170 (5th Cir. 1998).  Comer  must allege and present evidence of facts that, if proven, would show that his attorney's representation was deficient and that the deficient performance caused him prejudice.  *See Strickland,* 466 U.S. at 687-88, 692; *Jones v. Jones,* 163 F.3d 285, 300 (5th Cir. 1998).

Effective assistance of appellate counsel does not mean that counsel will raise every available nonfrivolous ground for appeal. *Evitts,* 469 U.S. at 394. Counsel is not deficient for failing to urge a frivolous point. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). Appellate counsel, like trial counsel, must perform in a reasonably effective manner. *Evitts,* 469 U.S. at 394. A reasonable appellate attorney has an obligation to research relevant facts and law and make informed decisions as to the avenues that will, or will not, prove fruitful. *Strickland,* 466 U.S. at 690-91.

Petitioner argues that appellate counsel was ineffective in filing a brief under *Anders v. California*, 386 U.S. 738, 744 (1967), and in failing to raise viable issues on appeal. The state court of appeals found that appellate counsel's brief met the *Anders* requirements, and that no arguable reversible error appeared in the record. *Davis*, at 1, 4. The state habeas courts denied habeas relief on petitioner's arguments of ineffective appellate counsel. *Ex parte Davis*, at cover.

In order to prevail under his arguments, petitioner must show that nonfrivolous appellate issues existed that counsel failed to raise, and that but for counsel's failure to raise such issues, the result of his appeal would have been different. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000). Petitioner attempts to meet this burden by arguing that appellate counsel should have raised an issue of ineffective assistance of trial counsel, arguing that had trial counsel preserved the *Brady* issue, it would have constituted reversible error. (Docket Entry No. 27, pp. 2-3). In arguing that the appellate court would have reversed the conviction under a properly-preserved *Brady* argument, petitioner again relies on the

appellate court's observation that, "In this case, however, the issue of prosecutorial misconduct could have been preserved with a motion for a new trial, but was not." *Davis*, at 4. As previously noted by the Court, this does not suffice as proof that a properly-preserved *Brady* argument would have merited reversal of the conviction.

To the extent petitioner argues that appellate counsel should have raised the ineffective assistance of trial counsel issues he raises in this federal petition, he fails to show either deficient performance or prejudice. This Court has found no merit to petitioner's arguments of ineffective assistance of trial counsel, and appellate counsel was not ineffective in failing to raise groundless arguments on appeal.

The state habeas court denied relief on this issue. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No ineffective assistance of counsel is shown, and respondent is entitled to summary judgment on this issue. 28 U.S.C. § 2254(d)(1).

## VII.   CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard includes showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, where claims have been dismissed on the merits, the

16

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Id*.  For the reasons stated above, the Court has determined that petitioner has not made the requisite showing under the applicable standard, and a certificate of appealability will be denied.

## VIII.  <u>CONCLUSION</u>

Accordingly, the Court **ORDERS** as follows:

1.  Respondent's supplemental motion for summary judgment (Docket Entry No. 26) is **GRANTED**.

2.  The petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**, and this case is **DISMISSED**.

3.  A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on June 7, 2006.


MELINDA HARMON
UNITED STATES DISTRICT JUDGE